# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV741 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John Watkins seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his claim for Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on August 26, 2009, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff Watkins was born on June 25, 1988, and was 18 years of age on his alleged onset date of disability. He has a high school equivalent education. Plaintiff has no past relevant work experience. Plaintiff initially alleged disability as of October 15, 2000, due Wegener's granulomatosis, cataracts and depression. He later amended his alleged onset date to August 29, 2006.

## The Administrative Proceedings

Plaintiff filed his application SSI on August 29, 2006, alleging disability as of October 15, 2000, due Wegener's granulomatosis, cataracts and depression. His claims were denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on February 13, 2009, during which Plaintiff amended his alleged onset date to August 29, 2006. A decision denying benefits was issued on April 22, 2009. Plaintiff filed a request for review, and on August 26, 2009, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date of disability.

2. Plaintiff's Wegener's granulomatosis, obesity and anxiety are severe impairments, but do not meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

3-4. Plaintiff has "mild" to "moderate" limitations in activities in daily living, "mild" limitations in social functioning, and "moderate" limitations in concentration, persistence or pace. He has not experienced any extended episodes of decompensation. Although Plaintiff has a chronic mental illness, it is not of the level of severity required to satisfy the C criteria of Listing 12.06.

5. The testimony regarding the severity of Plaintiff's impairments and resulting functional limitations is not persuasive.

6. Plaintiff retains the residual functional capacity to perform "light" work subject to the additional limitations discussed in the body of the decision.

7-9. Plaintiff has no past relevant work experience, is a "younger individual" and has a high school equivalent education. Based on his exertional capacity for light work and his age, education and work experience, section 404.1569 and Rule 202.20, Table 2, Appendix 2, Subpart p, Regulations No. 4 would direct a conclusion of not disabled.

10-11. Although Plaintiff is unable to perform a full range of light work, he is capable of making the adjustment to work which exists in significant numbers in the national economy, including employment as a ticket taker, sales attendant and sealing/cancelling operator. A finding of not disabled is therefore reached within the framework of the above-cited Rule. Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal

standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 416.920 (2010). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education and work experience. *Id.*

In this case, the ALJ found at step one of the sequential evaluation that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of disability. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from severe impairments including Wegener's granulomatosis, obesity and anxiety, but does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ continued his evaluation at step four, finding that Plaintiff has the residual functional capacity to perform unskilled light work performed at a non-production pace with only occasional climbing, balancing, stooping, crouching, kneeling or crawling; no concentrated exposure to hazards such as moving machinery or unprotected heights; and which accommodates the option to occasionally change position between sitting and standing. The ALJ concluded his evaluation at step five, finding that considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and he is therefore not disabled.

In this action for judicial review, Plaintiff's sole argument is that the ALJ committed a variety of errors in evaluating Plaintiff's credibility regarding his allegations of severe fatigue. (Docket No. 10, Pl.'s Br. Supp. of Mot. for Summ. J., at 8-11.) Plaintiff contends first that the ALJ misinterpreted the opinion of Plaintiff's treating physician, Dr. Patrick Gipson, concerning Plaintiff's impairments and resulting limitations; second, that the ALJ

erred in finding that Plaintiff's allegation of severe fatigue is not supported by the objective medical evidence; and third, that the ALJ erred in finding Plaintiff's allegation of severe fatigue not credible on the basis that Plaintiff failed to seek alternative treatment.

In *Craig v. Chater,* the Fourth Circuit set out a two-step process for evaluating a plaintiff's credibility regarding his subjective complaints in accordance with the Commissioner's regulations. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 416.929 (2010); Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements* ("SSR 96-7p"). Under the *Craig* analysis, Plaintiff must first produce objective medical evidence of an impairment which could reasonably be expected to produce the symptom in the amount or degree he alleges. *Craig*, 76 F.3d at 594. Second, and only after Plaintiff has met the threshold obligation of showing by objective medical evidence an impairment reasonably likely to cause the symptom claimed, the Commissioner must evaluate the intensity, persistence and functionally limiting effects of Plaintiff's symptom. *Id.* at 595. In doing so, the regulations require the ALJ to consider the location, duration, frequency and intensity of symptoms; precipitating and aggravating factors; type, dosage, effectiveness and adverse side effects of any medication; treatment, other than medication, for relief of the symptoms; functional restrictions; and daily activities. 20 C.F.R. § 416.929(c)(3); *see also* SSR 96-7p. A claimant's allegations about his subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence,

including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595. Moreover, this Court is not authorized, on review, to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. Thus, the issue before the Court is not whether Plaintiff "is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589.

Here, the ALJ found that Plaintiff's medically determinable impairments could be expected to produce at least some of his alleged symptoms, but that his testimony regarding the intensity, persistence and limiting effects of those symptoms is inconsistent with the record evidence, and is therefore not persuasive. (Tr. at 17.) In arguing that the ALJ's credibility finding was in error, Plaintiff first contends that the ALJ "mis-characterized" statements by Dr. Gipson, Plaintiff's treating physician, concerning Plaintiff's impairments and resulting limitations. (Docket No. 10 at 8.) At Plaintiff's request, Dr. Gipson wrote a letter dated August 22, 2007, "concerning [Plaintiff's] medical condition." (Tr. at 383.) Dr. Gipson wrote that Plaintiff had been hospitalized for treatment of Wegener's Granulomatosis two years prior, but since treatment, "has done relatively well from a Wegener's standpoint." (*Id.*) Dr. Gipson further wrote that Wegener's had primarily affected Plaintiff's kidneys, lungs and sinuses, but that his sinus, lung and kidney diseases were well-controlled and that

his current kidney and lung function were normal. (*Id.*) Dr. Gipson also stated that Wegener's can cause rashes, arthritis, and muscle and joint pain, but did not state that Plaintiff in fact suffered from any of these symptoms. (*See id.*) Moreover, Dr. Gipson reported that Wegener's can also cause some memory and thinking problems, but "[t]his does not seem to have been a major problem with [Plaintiff]." (*Id.*) As noted by the ALJ, Dr. Gipson concluded, "[s]ince I have known him, [Plaintiff] has had **some difficulties** attending school on a regular and consistent basis, mostly related to . . . fatigue issues and somatic symptoms." (*Id.*)(emphasis added.)

The ALJ considered Dr. Gipson's opinion and discussed it thoroughly in his decision. He specifically considered Dr. Gipson's statement that Plaintiff's fatigue (of unknown etiology) had in the past caused "'some'" difficulty attending school. (*Id.* at 18)(quoting *id.* at 383.) However, the ALJ reasoned that even giving full credit to Dr. Gipson's opinion, "'some' difficulty does not equate to inability." (*Id.*) "[I]n order to establish disability, [Plaintiff] must establish that he is unable to perform work related tasks, not just that he has 'some' degree of difficulty performing them." (*Id.*) The ALJ concluded,

> Dr. Gipson's opinion is not an indicator that he believed [Plaintiff] to be disabled. Indeed, I am persuaded that it can be assumed that Dr. Gipson was aware of [his] quest for disability, and that this failure to specifically opine that he was disabled or that he had significant functional limitations consistent with disability is in itself an implicit opinion that Dr. Gipson did not consider [him] to be disabled.

(*Id.* at 19.) Plaintiff argues that the ALJ had no basis for this finding, and further avers that contrary to the ALJ's finding, "Dr. Gipson's statement constitutes a medical opinion

-8-

indicating that Plaintiff was suffering from severe fatigue and that it did cause substantial limitations for him." (Docket No. 10 at 10.)

The Court finds that the ALJ's interpretation of Dr. Gipson's opinion is reasonable and consistent with the Social Security Act and regulations. Dr. Gipson declined to ascribe any specific limitations on Plaintiff's ability to perform work-related functions, and instead stated that Plaintiff had suffered "some" difficulty as a result of fatigue. (*See* Tr. at 383.) And, as the ALJ correctly found, some difficulty does not rise to the level disability, which requires an inability to perform any substantial gainful activity. *See* 20 C.F.R. § 416.905 (disability is "the inability to do ***any*** substantial gainful activity by reason of any medically determinable physical or mental impairment. . . .")(emphasis added).

Plaintiff next argues that argues that ALJ erred in finding the medical record does not support Plaintiff's claim that he suffers from disabling fatigue. (Docket No. 10 at 11.) However, based upon its review of the record, the Court finds that the ALJ's finding is supported by substantial evidence. Specifically, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's reports to his physicians are inconsistent with his claim of disabling fatigue. Although Plaintiff reported fatigue to his physicians on several occasions, the physicians' notes do not reflect complaints of fatigue that rise to the level of disabling as now alleged by Plaintiff. Indeed, at times, Plaintiff reported good energy and feeling well (*id.* at 206, 239),or that his fatigue comes and goes, (*id.* at 378), or is merely mild. (*Id.* at 177.) At other times, Plaintiff did not report fatigue to his physicians at all.

(*See id.* at 197, 200, 210.) In 2006, Plaintiff's mother reported that Plaintiff suffered "some degree" of fatigue, but she attributed this to Plaintiff's sleep habits. (*Id.* at 181.)

The ALJ further found that Plaintiff's allegation of disabling fatigue is not credible on the basis that there is no evidence that Plaintiff sought alternative treatment to relieve his fatigue. A claimant's persistence in seeking treatment to relieve subjective complaints lends credibility to the allegation of disabling symptoms. *See* SSR 96-7p. Conversely, "an unexplained inconsistency between the claimant's characterization of the severity of [his] condition and the treatment [he] sought to alleviate that condition is highly probative of the claimant's credibility."). *Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994). Plaintiff claims that the ALJ's finding is in error, arguing that Plaintiff in fact was being treated for Wegener's. (Docket No. 10 at 11-12.) However, as the Commissioner correctly points out, the ALJ discredited Plaintiff's allegations not because Plaintiff failed to seek any treatment, but because Plaintiff failed to seek any more aggressive treatment for his specific complaints of disabling fatigue. (*See* Docket No. 13, Mem. is Supp. of Mot. for J. on Pleadings, at 9)(citing Tr. at 18.)

The ALJ is responsible for making credibility determinations. *See Craig*, 76 F.3d at 589 ("'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ).'")(quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th

Cir. 1987)). Here, substantial evidence supports the ALJ's credibility finding, and the Court will not undertake to substitute its judgment for that of the ALJ.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 9) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 12) be granted, and that judgment be entered in favor of the Commissioner.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: July 13, 2011